# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos Dennison,<br><br>       Plaintiff,<br>  v.<br><br>Warden of McDougall Correctional Institution,<br><br>       Defendant. | Case No. 9:22-cv-02680-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("R & R"). (Dkt. No, 34). The R & R recommends granting Respondent's motion for summary judgement (Dkt. No. 20) and dismissing the Petitioner's habeas petition with prejudice because all three of Petitioner's grounds for relief are procedurally barred and because ground one is not cognizable on federal habeas review. No timely objections have been made to the Magistrate Judge's R & R.

Where a Magistrate Judge has submitted to a District Court a R & R, any party may file written objections within 14 days of the issuance of the R & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A District Court must "make a *de novo* determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no timely filed objection has been made, the District Court is obligated to review the R & R to confirm that "there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Court has reviewed the record in this matter, the R & R of the Magistrate Judge, and the applicable law. The Court finds that the Magistrate Judge has ably and thoroughly addressed the factual and legal issues in this matter. Petitioner's claims stem from his belief that signatures

1

on the warrants authorizing his arrest were forged. (Dkt. No. 1 5-14). The Magistrate Judge correctly concluded that Petitioner is procedurally barred from challenging the warrants because Petitioner failed to properly present his grounds for relief to the South Carolina's appellate courts. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). The Magistrate Judge also correctly rejected Petitioner's arguments to excuse the procedural default. The Court agrees with the Magistrate Judge that Petitioner failed to show his appellate counsel provided ineffective assistance that would warrant excusal of the default. Additionally, the Court agrees with the Magistrate Judge that the record fails to support a showing of actual innocence such that this Court should set aside the procedural default of Petitioner's habeas grounds. Accordingly, the Court **ADOPTS** the R & R (Dkt. No. 34) as the order of this Court, **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 20), and **DISMISSES** the habeas petition (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **AND IT IS SO ORDERED.**

                                     _s/ Richard Mark Gergel_____

                                       Richard Mark Gergel
                                       United States District Judge

September 13, 2023
Charleston, South Carolina